UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GERALD A. GIPSON,<br><br>    Petitioner,<br><br>v.<br><br>JOSEPHINE GASTELLO,<br><br>    Respondent. | Case No. 20-cv-05861-LB<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: ECF Nos. 3, 5 |

## INTRODUCTION

Gerald A. Gipson, an inmate at the California Men's Colony in San Luis Obispo, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He consented to proceed before a magistrate judge. (ECF No. 5.)[1] His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This order requires the respondent to respond to the petition and denies the request for appointment of counsel.

---

[1] Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 20-cv-05861-LB

**STATEMENT**

Mr. Gipson provides the following information in his habeas petition and attachments thereto. Following a jury trial in Alameda County Superior Court, he was convicted of murder and first-degree robbery. Sentence enhancement allegations that he had suffered prior felony convictions, inflicted great bodily injury, and used a firearm were found true. On March 3, 2017, he was sentenced to 108 years, four months to life in prison. He appealed. The California Court of Appeal held that the great-bodily-injury enhancement was imposed erroneously but otherwise affirmed the conviction and remanded for resentencing in light of new laws that gave the trial court the discretion to strike certain enhancements. The California Supreme Court denied Mr. Gipson's petition for review. He then filed this action.

**ANALYSIS**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The federal petition for writ of habeas corpus alleges three claims. First, Mr. Gipson claims that he was denied effective assistance of counsel as a result of the denial of a defense motion to continue the trial. Second, he contends that he was denied his Sixth Amendment right to counsel when the trial court denied his motion to substitute counsel to prepare a motion for new trial that was based on trial counsel's ineffectiveness. Third, he claims that the admission of improper opinion testimony violated his Sixth Amendment right to a fair trial and his Fourteenth Amendment right to due process. Liberally construed, these claims are cognizable in a federal habeas action and warrant a response.

Mr. Gipson has requested that counsel be appointed to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18

U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel in this action. Mr. Gipson has adequately pled his claims for relief and all of his claims previously were presented by counsel in his direct appeal. Mr. Gipson's request for appointment of counsel is DENIED. (ECF No. 5 at 2.)

## CONCLUSION

For the foregoing reasons,

1. The petition warrants a response.

2. The clerk shall serve by mail a copy of this order and the petition upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3. The clerk shall electronically serve a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and any exhibits thereto are available via the Electronic Case Filing (ECF) system for the Northern District of California. The clerk also shall serve by mail a copy of this order on the petitioner.

4. The respondent must file and serve upon the petitioner, on or before **November 20, 2020,** an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. The respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petitioner.

5. If the petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on the respondent on or before **December 31, 2020.**

6. The petitioner is responsible for prosecuting this case. The petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely

fashion. The petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to the court for consideration in this case.

7. The request for appointment of counsel is DENIED. (ECF No. 5 at 2.)

**IT IS SO ORDERED.**

Dated: September 11, 2020

_____
LAUREL BEELER
United States Magistrate Judge