UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERALD A. GIPSON,

    Petitioner,

v.

JOSEPHINE GASTELO,

    Respondent.

Case No. 20-cv-05861-SI

**ORDER OF DISMISSAL**

Re: Dkt. No. 18

    Gerald A. Gipson, a California state prisoner, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction from the Alameda County Superior Court. Respondent now moves to dismiss the petition as barred by the *Younger* doctrine because Gipson is awaiting resentencing. For the reasons stated below, the court GRANTS respondent's motion and dismisses the action.

## BACKGROUND

    Gipson was convicted in Alameda County Superior Court of first degree murder, robbery, and being a felon in possession of a firearm. The jury also found true several sentence enhancement allegations. On March 3, 2017, he was sentenced to a total of 108 years, four months to life in prison. Docket No, 1 at 1.

    Gipson appealed. The California Court of Appeal affirmed the conviction but remanded on several sentencing issues. The appellate court remanded pursuant to new sentencing laws so the trial court could consider exercising its discretion to strike the firearm enhancements and the "five-year serious felony prior conviction enhancement." Docket No. 18 at 18-19. The appellate court also directed the trial court at resentencing to "strike the great bodily injury enhancement under

section 12022.7, subdivision (a), and the striking of the enhancement shall be reflected in the minutes and abstract of judgment." Docket No. 18 at 19-20.

According to respondent, Gipson is currently awaiting that resentencing in the Alameda County Superior Court. As of the filing of respondent's motion on February 16, 2021, there was a superior court date set for March 8, 2021. There is no information in the record before this court to indicate whether Gipson was resentenced on that date. According to respondent, the resentencing that was ordered by the California Court of Appeal in March 2019 has been delayed because Gipson has repeatedly moved to substitute counsel. *See* Docket No. 18 at 2 & n.1. Respondent indicates that Gipson will be able to appeal from the resentencing. In short, there is nothing to indicate that Gipson's state court case has finished because it is unknown to this court whether Gipson has been resentenced yet or whether he intends to appeal from that resentencing.

## DISCUSSION

Respondent moves to dismiss the case on the basis of abstention because state court proceedings have not yet concluded due to the need to resentence Gipson. Gipson does not dispute that he has not yet been resentenced.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). The rationale of *Younger* applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. *See Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994) (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending). These concerns are especially important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). Absent extraordinary circumstances, *Younger* abstention is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the

2

federal court action would enjoin the state proceeding or have the practical effect of doing so. *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

Here, all of the *Younger* criteria are satisfied. First, Gipson's case is still pending in the superior court as he is awaiting resentencing. The resentencing requires further judicial action – as the trial judge must (1) decide whether to strike the firearm enhancements, (2) decide whether to exercise its discretion to strike the serious felony prior conviction enhancement, and (3) strike the great bodily injury enhancement under § 12022.7(a). These are not simply clerical matters where the court clerk might update the abstract of judgment form; a resentencing is needed. Thus, state judicial proceedings are ongoing. Second, the state criminal proceedings involve important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Third, Gipson is not barred from litigating his federal constitutional issues in state court on appeal following the resentencing. Fourth, the underlying federal petition threatens to interfere with the state criminal proceedings in a manner that *Younger* disapproves by, if successful, overturning a conviction while the state criminal proceedings or appeal therefrom is still ongoing. Accordingly, abstention is appropriate here.

Although the claims contained in Gipson's federal habeas petition may have been presented in his first state court appeal, the existence of resentencing proceedings (from which he apparently may appeal) supports *Younger* abstention in this action. Waiting until the conclusion of the second state court appeal, or the time to file an appeal concludes, will not work to the detriment of Gipson because he will be able to present his claims on appeal from the resentencing.

Due to the pendency of resentencing proceedings in the Alameda County Superior Court, this action will be dismissed under the *Younger* abstention doctrine. The dismissal will be without prejudice to Gipson filing a new petition for writ of habeas corpus asserting all of his claims after his direct appeal from the resentencing is finished. Because there is a one-year statute of limitations for the filing of a federal petition for writ of habeas corpus, *see* 28 U.S.C. § 2244(d), Gipson is

cautioned to act diligently to return to federal court with his new petition for writ of habeas corpus after he is resentenced and any direct appeal from the resentencing concludes.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

## CONCLUSION

Respondent's motion to dismiss the petition is GRANTED. Docket No. 18. This action is DISMISSED without prejudice to Gipson filing a new petition for writ of habeas corpus asserting all of his claims after he is resentenced and any appeal from the resentencing concludes. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: May 13, 2021

_____
SUSAN ILLSTON
United States District Judge